```
UNITED STATES DISTRICT COURT           RECEIVED
  DISTRICT OF SOUTH CAROLINA        USDC CLERK, GREENVILLE, SC
      GREENVILLE DIVISION
                                       2008 FEB 29 P 1: 33
```

| | | |
|---|---|---|
| Raymond W. Carter, # 284096, | ) | C/A No.: 6:08-CV-0104-GRA-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Dr. Kirby, Psychiatrist; Nurse NFN Brown,) | | |
| Head Nurse, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court for a final review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 73.02(B)(2)(d), D.S.C., filed on January 30, 2008. Plaintiff originally filed this suit on January 15, 2008, pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated when the prison hospital staff was deliberately indifferent to his serious medical condition. The magistrate recommends that this Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

### Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).



This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff filed timely objections.

### Objections

Plaintiff argues that he has alleged sufficient harm to proceed on a claim for deliberate indifference because he complained that the medical treatment he received was inadequate and continues to be inadequate. *Objs.* at 2. "Plaintiff objects that this in no way can be constru[e]d as adequate medical treatment when this would not be acceptable if he had his own access to urgent care." *Id.* Plaintiff appears to believe that allegations of inadequacy are sufficient to sustain a complaint for



deliberate indifference. However, the plaintiff's allegations that the treatment he received was inadequate do not evince improper conduct beyond negligence. And, as the magistrate correctly noted, to sustain a claim for deliberate indifference to a serious medical need under § 1983, the plaintiff must allege more than negligence. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Therefore, the plaintiff's objection is without merit.

### Conclusion

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the apposite case law, this Court finds that the Report and Recommendation applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

THE HONORABLE WILLIAM W. WILKINS, JR.

February 29, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff

has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**